ATCHISON, T. & S. F. RY. CO. v. WOLVERTON et al.

No. 7611—Opinion Filed March 12, 1918.

(171 Pac. 722.)

(Syllabus.)

1. **Railroads — Removal of Station—Finding of Commission—Evidence.**

In a hearing before the Corporation Commission, involving the removal of a railway station from its present location to another, which it was alleged would be more convenient for the inhabitants of a nearby village, the probable cost to the company of removing said station and the facilities connected

therewith came into question. Qualified witnesses on behalf of the railway company testified that such removal would cost in the neighborhood of $24,000. Without any witnesses testifying to the contrary, the commission found that, "from viewing the grounds and general knowledge of the cost of way and structure," the estimate of the appellant was about twice the actual cost. Held, that such finding was not supported by the evidence.

### 2. Same—Order for Removal of Station—Reasonableness.

Record examined, and held, that the order appealed from is unreasonable and unjust.

Appeal from Corporation Commission.

Proceeding by C. L. Wolverton and others, Red Rock, Okla., and the State of Oklahoma, against the Atchison, Topeka & Santa Fe Railway Company. From an order of the Corporation Commission, the Railway Company appeals. Order set aside.

J. R. Cottingham and S. W. Hayes, for appellant.

S. P. Freeling, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for appellees.

KANE, J. This is an appeal from an order of the Corporation Commission, requiring appellant to move its depot from its present location at the town of Red Rock, and to build and maintain a new depot and shipping facilities at a proposed new location, using in the new structure such materials as in the old depot and platforms as may be valuable. The proceeding in which the order complained of was issued was instituted by a number of the citizens of the town of Red Rock, their complaint alleging in substance that Red Rock is a town of about 600 inhabitants; that the station, as now located, is almost one-half mile from the principal street of the town; that the present location of the depot is down in a bottom, where Red Rock creek overflows the land on the west side, where people have to cross to get to the depot, making it muddy the greater part of the time in wet weather, and sometimes working a hardship on every one; that the site selected for a new depot is situated near the principal street of the town, is high and dry, and an ideal place for a depot; that as the station is now located the inhabitants of the town cannot build a sidewalk to the depot, for the reason that there are two Indian allotments and a section line between the town and the depot.

The grounds urged by the appellant in opposition to the removal of the station to the site selected may be briefly stated as follows: (1) That at the proposed location required by the order the depot and yards of appellant company must be placed in a cut from 8 to 10 feet deep; (2) that in order to re-establish at said location its yards, passing and industry tracks, a very large hole a short distance south of the location must be filled by the company; (3) practically all the company's facilities at the present location of its depot must be removed to the new location, at a total cost of exceeding $24,000, after allowing credit for the use of all the available material in the company's facilities at its present location; (4) that, if the depot is established in the new location upon the expenditure of the foregoing amount, it will be upon a dangerous grade of six-tenths per cent. as against a practicable grade of three-tenths per cent. at its present location; (5) that all of the heavy freight traffic, which comes to the company at this depot, must reach it by coming down an embankment into this 10-foot cut at the new location, and, in being hauled out, must be carried over this elevation; (6) that the drainage into this cut and upon the depot grounds must be taken care of, and can be done only at expense to the company; (7) after all the expenditures have been made which this order will require, the operation of the company's trains at the new location, because of the steeper grade and because of the location of its facilities and yards in a deep cut, cannot be conducted with the safety and general convenience with which they can be and are carried on at the present location; and (8) 90 per cent. of the patronage of the company at this depot are inconvenienced and not as adequately served by the appellant as at its present location.

The appellant introduced evidence reasonably tending to support these objections, and no evidence was offered in opposition thereto. The commission found generally that the allegations of complainants' complaint were established, and further found that, "from viewing the grounds and general knowledge of the cost of way and structures," the estimate of the appellant as to the cost of removing the station was about twice the actual cost, unless it was its intention to make an allowance of something like $10,000 for a depot building. Thereupon, without making any findings as to the existence or non-existence of the grounds urged by the appellant against the removal of the station, the commission entered its order requiring such removal, conditioned upon the citizens of the town of Red Rock acquiring and furnishing to the appellant title to a strip of land sufficient for a station site, and further condi-

tioned that said citizens acquire and open up as a public highway the land necessary for the extension of Main and Fourth streets, from the east limits of the town to the intersection with the west line of additional right of way to be acquired.

The first assignment of error argued by counsel for appellant in their brief is to the effect that the finding of the commission that the estimate of the appellant as to the probable cost of removal was about twice what it would actually cost is entirely unsupported by the evidence. We are unable to find any evidence in the record supporting this finding. Indeed, the finding does not purport to be based upon evidence given by witnesses whose testimony we can weigh on appeal, but purports to be based merely upon a view of the grounds by one or more of the commissioners and their general knowledge of the probable cost of such work. In St. L. & S. F. R. Co. v. Sutton et al., 29 Okla. 553, 119 Pac. 423, it was held:

"Neither the commission nor the court, as a matter of law, takes notice of such matters."

In these circumstances, there being no evidence in the record on this point, except that of the witnesses for the appellant, we must rely upon the evidence given under oath, and not upon the estimate of the commission, based upon a view of the grounds and general knowledge, the extent of which we have no means of determining. Taking this as a basis for reviewing the record before us, we find the uncontradicted evidence establishes substantially the following state of facts:

The station at Red Rock, which was built several years prior to the location of the present town of Red Rock, is comfortable and in good repair, and the passenger facilities are ample for the business offered and transacted at that point. The depot is a few hundred feet less than a half mile from the main street of the town of Red Rock, not farther in distance and not so far as the distance at several other towns in the state on the line of the appellant. The public road leading from the town down to the depot is the ordinary country road. There are practically no sidewalks in Red Rock, except on Main street, and the road from the depot to the town is the average good country road. The main section lines north and south and east and west cross near the depot at its present location, and the bulk of the freight shipped from Red Rock consists of live stock, grain, and hay, which do not come from the town of Red Rock, but

from the surrounding country, and the depot at its present location is most available for that class of business. The present site for the location of the depot was selected with the view of the location of the present system of side tracks, etc., for the accommodation of the patrons of the railway, and the present facilities are located in the best possible manner for the operation of the road. A station located at the new site would be in a cut about 10 or 12 feet deep, a great part of which is solid rock, and to make a location at this point would require the excavation of earth, loose rock, and solid rock 10 or 12 feet high and 100 feet wide, and would require a fill-in to the south at about Fourth street and the taking out of a cast iron drain box theretofore placed by the company for the purpose of draining the extensive area contiguous to the company's right of way. The construction of the depot at the end of Main street would require the town to do heavy excavating to get anything like an easy approach from the street to the depot down to the bottom of the cut, and would create a drainage area which would cause the water to flow down to the depot grounds and result in a great inconvenience to the patrons of the road. In addition to this, the trains of the company would have to stop on almost a maximum grade, which would make the operation nearly impossible, as well as dangerous, and the placing of the depot farther south on Fourth street would require a great deal more filling in and incur great expense to the company; that it would be impossible to remove part of the facilities at Red Rock to the new location, as contemplated by the order of the commission, and leave the remainder at the old location. To do so would practically require a double set of facilities at Red Rock, a town of 500 or 600 people; and to install new facilities at the new location, in the way of side tracks, house tracks, and industrial tracks for the relocation of grain elevators now upon the company's tracks, would be to change these facilities, not so as to increase their convenience to 90 per cent. of the business done at this station, but to endanger and make more inconvenient said facilities to the patronizing public, and, unless the other facilities are moved to the new location, it will require additional expense in station force to operate the same, and, on account of the distance of such facilities from the depot, the danger of operation will be increased. The estimate of the cost of removal was made upon two plans, one of which contemplated the removal of the depot from the present location to the proposed location without reducing the grade, and shows that

the cost thereof would be $14,454.76. The second plan contemplates the removal of the depot and side tracks from the present location to the proposed location and reducing the grade to six-tenths of 1 per cent., and that the cost thereof would be $24,466.44. These items of cost, after allowing credit for the use of all material taken from the present structure at the present location, did not include the building of a new depot, but only the expense attending the removal of the present depot from the present location. It was also shown that the operating conditions would require the reduction of the grade, and therefore the company would be required to incur the estimated expense under the second plan, which would be approximately $24,000.

As against these considerations the commission offset the fact that the new location would be a shorter distance from the village, and that a sidewalk can be constructed to the location of the proposed new depot, while it would be impracticable to build a sidewalk to the present location of the depot. In our judgment, the mere statement of the facts as above disclosed, demonstrates the unreasonableness of the order appealed from. We are therefore of the opinion that, in the circumstances shown, it would be unreasonable to require the railway company to remove its station to the new location at the great cost and inconvenience to it which the enforcement of the present order would require, merely for the somewhat doubtful advantages such removal would afford the patrons of that station residing in the town of Red Rock. Moreover, in view of the policy of retrenchment and economy in the management and control of railroads made necessary by the great war, in which we are now engaged, it seems to us that it would be more than unreasonable to require this change of location at heavy expense to the railroad company without some great and far-reaching public necessity being clearly shown therefor. In the case at bar Mr. Kouns, the general manager of the appellant, stated on the stand that, in order to avoid the expense of making this change and the great inconvenience that would result in the operation of the road from such a change, the company would build a sidewalk all the way from the present station platform to the end of Main street, free of expense to the town of Red Rock. This, it seems to us, would overcome the principal inconvenience caused the inhabitants of the town by the present location. We also notice that, pursuant to the order of the commission, the inhabitants have purchased a site for the

new station at a cost to them of $600, and stand ready to present the same to the appellants. To adjust this matter, the representatives of the appellant offer to procure a purchaser for the strip of land thus acquired, at a price that would refund to the people of Red Rock all the money they expended in obtaining the same, and such offer is now renewed in the brief of their counsel. With these equitable adjustments, which we have no doubt will be promptly and in good faith carried out by the company, we believe the people of Red Rock should be content for the present.

For the reasons stated, the order of the Corporation Commission is found to be unreasonable; and it is therefore set aside and held for naught.

All the Justices concur.